IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRD MANAGEMENT, INC. and § <br> TRILIJI GROUP, LLC d/b/a MAJESTIC § <br> I & II fbo BRD MANAGEMENT, INC., § <br> Plaintiffs § <br> § <br> v. § <br> § Civil Action No. 6:13-CV-13-381 <br> CERTIN UNDERWRITERS AT LLOYD'S § <br> LONDON SUBSCRIBING TO POLICY § <br> #09SSP4280192001 and DANNY BROWN, § <br> Defendants § | |

### DEFENDANT LLOYD'S OF LONDON SYNDICATE NUMBER 1919'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lloyd's of London Syndicate Number 1919, incorrectly sued as "Certain Underwriters at Lloyds London Subscribing to Policy #09SSP4280192001" ("Lloyd's") and files this Notice of Removal, and in support thereof would show the Court as follows:

### I. Basis for Removal

1. Plaintiffs are businesses whose primary place of business is located in the State of Texas.

2. Defendant Lloyd's is a foreign insurance carrier whose principal place of business is located in London, England.

3. Plaintiffs have sued Lloyd's in the 170th Judicial District Court of McLennan County, Texas alleging breach of an insurance policy, and related Insurance Code violations.

1

4.	Lloyd's received notice of this lawsuit on June 27, 2012, when it was served with citation via certified mail. All parties entered into a Standstill and Tolling Agreement which tolled all applicable limitations periods and pleading deadlines as of the date of Plaintiffs' filing of suit in state court so that the parties could mediate the case and try to resolve the underlying insurance claim. The Standstill and Tolling Agreement was amended twice and Lloyd's has filed this notice of removal within the 30-day time period after notice of the termination of the Second Amended Standstill and Tolling Agreement, therefore meeting the requirements of 28 U.S.C. § 1446(b).

5.	Removal is proper because there is complete diversity between the proper parties to this action, and the amount in controversy exceeds $75,000, excluding interest, costs, and attorneys' fees. Plaintiffs are citizens of the State of Texas, but Lloyd's is a citizen of England. Plaintiffs' petition claims damages in excess of $200,000.00.

6.	In its Original Petition filed in state district court Plaintiffs named Danny Brown as an additional defendant. As urged *infra* in more detail, Defendant Brown has been improperly joined and should be disregarded in determining the diversity of the parties.

7.	Danny Brown has consented to this removal and has filed herein a Consent to Removal.

8.	All pleadings and other process served upon Lloyd's in the state court action are attached to this notice as **Exhibit 1** as required by 28 U.S.C. § 1446(a).

9.	Venue is proper in this district under 28 U.S.C. § 1441(a) because the removed action was pending in a state court situated in this district.

10.	Lloyd's has filed a notice of removal with the clerk of the state court where the action has been pending.

11. Plaintiffs did demand a jury in the state court action.

## II. Improper Joinder of Adjuster Does Not Defeat Diversity

12. In their Original Petition Plaintiffs seek to assert claims against Brown claiming he was hired by Lloyd's to investigate and adjust the loss reported by Plaintiffs and was allegedly acting in such capacity as an agent of Lloyd's and represented Lloyd's in connection with the insurance claim at issue herein. Lloyd's would show the Court that Brown was improperly joined in an attempt to destroy diversity jurisdiction and that such joinder should be disregarded by the Court.

13. If a defendant has been improperly joined, his presence must be disregarded by the Court in determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). To establish improper joinder, the removing defendant must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003), citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). Lloyd's asserts here the second basis, namely that Plaintiffs cannot establish a cause of action against the non-diverse party in state court. Removal on the basis of improper joinder is allowed if there is no reasonable basis on which the district court can predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc). In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.

3

2002)). "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust*, 313 F.3d at 312.

14. Brown is alleged by Plaintiffs to be a liable party because he adjusted the insurance claim for Lloyd's. However, "[w]hen the insurance carrier has contracted with agents or contractors for the performance of claims handling services, the carrier remains liable for actions by those agents or contractors that breach the duty of good faith and fair dealing owed to the insured by the carrier." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). These agents of the insurer owe no duty of good faith and fair dealing directly to the insured as they are not parties to the contract which gives rise to the "special relationship." *Id.* Thus, Plaintiffs cannot recover here against Brown for the claims asserted because Brown owed no duty to Plaintiffs.

15. Texas courts have repeatedly held that third-party investigators and inspectors hired by insurers to assist with the investigation of claims owe *no duties* to the insured. *See Dagley v. Haag Engineering Co.*, 18 S.W.3d 787, 791 (Tex. App.—Houston [14th Dist.] 2000, no writ) (holding engineering firm hired by insurer to investigate claim not liable to homeowners and granting summary judgment in favor of engineering firm on claims for negligence, conspiracy, tortious interference, and violations of the DTPA and Texas Insurance Code); *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 235-36 (Tex. App.—San Antonio 1998, no writ) (dismissing negligence and gross negligence claims against engineering contractor retained by insurer to investigate claim on grounds no duty owed to insured by investigator). Plaintiffs' attempt to destroy diversity here by adding Lloyd's' adjuster as a defendant is improper and cannot form the basis for destroying diversity jurisdiction. The court should disregard the improper joinder of Brown.

Respectfully submitted,

*[signature]*

Guy M. Hohmann
State Bar No. 09813100
guyh@hts-law.com
Nicholas S. Bressi
State Bar No. 02959485
nickb@hts-law.com
Hohmann, Taube & Summers, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel.: (512) 472-5997
Fax: (512) 472-5248

ATTORNEYS FOR DEFENDANT
LLOYD'S OF LONDON
SYNDICATE NUMBER 1919

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing has been delivered via regular mail to all counsel of record as listed below on December 5, 2013:

Jason B. Speights
Speights & Worrich
14235 Blanco Road
San Antonio, Texas 78216

Greg K. Winslett
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

*[signature]*

Nicholas S. Bressi