IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRD MANAGEMENT, INC. and <br> TRILIJI GROUP, L.L.C. d/b/a <br> MAJESTIC I & II fbo BRD <br> MANAGEMENT, INC., <br>     Plaintiffs <br><br> v. <br><br> CERTAIN UNDERWRITERS AT <br> LLOYD'S LONDON SUBSCRIBING <br> TO POLICY #09SSP4280192001 and <br> DANNY BROWN, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:13-CV-13-381 |

**PLAINTIFFS' OPPOSED MOTION TO REMAND
AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiffs, BRD Management, Inc. and Triliji Group, L.L.C., d/b/a Majestic I & II fbo BRD Management, Inc. ("Plaintiff"), in the above styled cause and hereby submits their Motion to Remand. Plaintiffs would respectfully show this Honorable Court the following:

**I. INTRODUCTION**

1. The causes of action making the basis of this lawsuit arise out of an insurance claim made by Plaintiffs for damage caused by a severe hail and windstorm on or about May 20, 2010 or June 15, 2010 to their property located at 800-854, 829-863 Majestic, Hewitt, McLennan County, Texas 76643 (the "Property"). Plaintiffs made a claim against their Insurance Policy (the "Policy"), issued by Lloyd's, for damages to the Property.

2. Lloyd's assigned Defendant Danny Brown ("Brown") to adjust Plaintiffs' claims. Brown adjusted the Plaintiffs' claims by investigating, processing, evaluating, approving, and

denying in-part Plaintiffs' claims. As such, Brown acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claims. Defendant Brown was properly joined in this case as a Defendant and, because of the parties' non-diversity, this Honorable Court lacks jurisdiction.

## II. LEGAL STANDARD

6. A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court at the time of filing. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *see also Courv v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). However, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Courv*, 85 F.3d at 248. Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno*, 276 F.3d at 723.

7. If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if *none* of the parties in interest properly joined and served as defendants are a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b) *(emphasis added)*. A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Central RR. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). The Fifth Circuit has

recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court." *See Smallwood,* 385 F.3d at 573; *see also Travis v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003). When no fraud is alleged, as is the case here, "the test for fraudulent joinder is whether the defendant has demonstrated that there is <u>no possibility</u> of recovery by the Plaintiffs against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiffs might be able to recover against an in-state defendant." *See Smallwood,* 385 F.3d at 573. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the favor of remand. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

8.      "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is **without right**." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914) (emphasis added); *see also Smallwood,* 385 F.3d at 574. "The court should not focus on the *probability* that the Plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant." *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995*).*

9.      The Fifth Circuit has not minced words on this analysis. There are two "proper means for predicting whether a Plaintiff has a reasonable basis of recovery under state law." *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim

3

under state law against the in-state defendant." Id. On the other hand, in cases where "a Plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude Plaintiff's recovery against the in-state defendant." *Id.* at 573–74. The court is not permitted to "move beyond jurisdiction and into a resolution of the merits." *Id.* at 574. Here, Defendant has not alleged that Plaintiff has misstated or omitted any facts, or any engaged in any fraud whatsoever. Accordingly, it is proper for the Court to employ a 12(b)(6)-type analysis.

10. "[A]12(b)(6)-type analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards." *Pena v. GeoVera Specialty Ins. Co.*, 7:13-CV-255, 2013 WL 3779385, slip op. at *2 (S.D.Tex. July, 16, 2013) (citing *Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607 (S.D.Tex. Dec. 8, 2010)). Additionally, "because state court Plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [Plaintiffs'] complaint under Texas' notice pleading standard." See *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *4 (N.D.Tex. Aug. 29, 2008) (citing *De La Hoya v. Coldwell Banker Mex. Inc.*, 125 Fed. Appx. 533, 537-38 (5th Cir.2005) (applying Texas' notice pleading standard to factual allegations of removed complaint in improper joinder analysis) (citation omitted)); *Kiw, Inc. v. Zurich Am. Ins. Co.*, 2005 WL 3434977, at *3-*4 (S.D.Tex. Dec. 14, 2005).

11. "A Texas state-court petition must 'consist of a statement in plain and concise language of the … cause of action…. [L]egal conclusion[s] shall not be grounds for objection

when fair notice to the opponent is given.'" *Akerblom v. Ezra Holdings Ltd.*, No. 12-20182, 2013 WL 363112, at *4 (5th Cir. Jan. 28, 2013) (not designated for publication) (citing Tex. R. Civ. P. 45) (conducting improper joinder analysis pursuant to Texas Rule of Civil Procedure 45). Texas' "fair notice" pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex.App.—Fort Worth 2004, rev'd on other grounds); *see also Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 421 (Tex.App.—Tyler, 1989).

12.     Plaintiffs' factual allegations against Defendant Brown meet both Federal and Texas state pleading standards. However, Plaintiff argues that the Court should evaluate its pleadings based on the Texas fair notice pleading standard.

### III. FACTS AND LEGAL ARGUMENTS

13.     It is undisputed that Brown and Plaintiffs are non-diverse. *See Plaintiffs' Original Petition*, § II, ¶ 1-2. Defendant Lloyd's fails to dispute that Brown is a citizen of Texas, asserting rather that "Brown owed no duty to Plaintiffs." *Defendant's Notice of Removal*, p. 4. Defendant's argument is based on a logical fallacy because Defendant's argument begs the question.  More specifically, Lloyd's argues that Plaintiffs' attempt to "destroy diversity here by adding Lloyd's' adjuster as a defendant is improper and cannot form the basis for destroying diversity jurisdiction." *Id.* However, the U.S. Supreme Court has been crystal clear: mere assertions of improper joinder are not enough—the showing must compel the conclusion that the joinder is **without right**. *Chesapeake*, 232 U.S. at 152 (emphasis added). Plaintiffs naturally disagree with Defendant's assertions because Plaintiffs have alleged multiple, viable causes of action against Brown, and Defendant has failed to present any evidence showing that Plaintiffs

5

have no reasonable possibility of recovering against Defendant Brown. Even if the Court accepts Defendant Lloyd's allegations that Brown is a retained contractor, Brown voluntarily made disclosures and misrepresentations directly to Plaintiffs, which imposed upon Brown a duty to disclose the whole truth and/or correct any false impressions resulting from Brown's misrepresentations. *See Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex.App.—Houston [1st Dist.] 2010, pet. denied) (explaining when a duty to disclose arises). Brown's failure to disclose the whole truth and/or correct any false impressions resulting from his misrepresentations provides the basis for Plaintiffs' causes of action against Brown.

15. When determining whether Plaintiffs are able to establish a state claim against a non-diverse party, the court asks whether there is any reasonable basis for the court to predict that the Plaintiffs may be able to recover against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. In improper joinder cases, the court typically conducts a Fed R. Civ. P. 12(b)(6)-type analysis to determine Plaintiffs' possible recovery against the non-diverse defendant by looking initially at the allegations of the petition to determine whether the petition states a claim under state law against the non-diverse defendant. *Id*. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the Plaintiff's favor. *Guillory*, 434 F.3d at 308; *see Davis v. Geovera Specialty Ins. Co.*, 11 WL 1230328, at *4, n. 5 (S.D.T.X., March 30, 2011) (liberally construing Plaintiff's petition and remanding case based on Plaintiff's allegations that the defendant adjuster "misrepresented damage was not covered under the policy, failed to make an attempt to settle Plaintiff's claims in a fair manner, failed to explain the reasons for not offering adequate compensation, and failed to affirm or deny coverage within a reasonable time"). There is ordinarily no improper joinder if the Plaintiff can survive a Rule 12(b)(6)-type challenge. *Smallwood*, 385 F.3d at 573. *Smallwood*

6

makes clear that a Rule 12(b)(6)-type analysis looks only at the allegations in the pleadings to determine if Plaintiff has stated a possibility of recovery against the non-diverse defendant.

16.     In Plaintiffs' Original Petition, Plaintiffs alleged that Lloyd's and Brown improperly adjusted the Plaintiffs' claim. *See Plaintiffs' Original Petition*, § V., ¶ H;. In explaining how this adjustment was improper, Plaintiffs alleged that:

> "Defendant, Brown, improperly adjusted the Plaintiffs' claim. Without limitation, Brown misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy. Brown made these and other misrepresentations to Plaintiffs as well as to Defendant, Lloyds. Plaintiffs and Lloyds both relied on Brown's misrepresentations including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Brown's misrepresentations caused Lloyds to underpay Plaintiffs on its insurance claim and, as such, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' property. This has caused additional, further damage to Plaintiffs' property. Brown also advised Plaintiffs as to how they could repair its Property so as to prevent further damage to Plaintiffs' Property. This advice was negligent and false because it turns out Plaintiffs could not properly repair its Property and prevent future damage by following Brown's advice. Plaintiffs' Property has sustained further damages as a result.

Additionally, Plaintiffs asserted that Lloyd's and Brown misrepresented that the damage caused by the wind and hailstorm could be repaired with only $44,346.24. *Exhibit B* (Brown's Repair Estimate). Defendants' representations were false because Plaintiffs' wind and hail damages exceed $200,000.00. *Exhibit A*, § V., ¶ I.

17.     In the context of suits based on unfair insurance settlement conduct, Texas recognizes that such causes of action may be asserted not only against an insurer, but also against individual and corporate adjusters and agents. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex.1998); *see also Jones v. Ace American Insurance Co.*, 2006 WL 3826998, at *4-5 (E.D. Tex. Dec. 22, 2006); *McNeel v. Kemper Cas. Ins. Co.*, 2004 WL 1635757, at *2-3 (N.D. Tex. July 21, 2004) (holding that an independent adjuster may be

individually liable under the Texas Insurance Code, and, thus, may be added as a non-diverse defendant). Lloyd's insists that Defendant Brown owes no duty to Plaintiffs and, therefore, is an improper defendant. *Defendant's Notice of Removal*, p. 4. Plaintiffs maintain Brown was engaged in the business of insurance and is liable for his actions under the Texas Insurance Code.

18. The Texas Supreme Court has explained that an employee with no "responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor, does not engage in the insurance business." *Garrison*, 966 S.W.2d at 486. Surely Lloyd's does not suggest Defendant Brown was performing clerical or janitorial work when he inspected Plaintiffs' Property and estimated the covered damages would cost $44,346.24 to repair. *Exhibit B*. Indeed, Brown emailed Plaintiff with his determination of coverage. *Exhibit C* (Brown's Email to Plaintiffs dated August 11, 2010). Brown's emails to Plaintiff demonstrate that Brown's conduct went beyond clerical or janitorial work: he inspected the roofs on the Property, he used his expertise to make a determination of coverage, and he communicated his determinations directly to Plaintiffs. *See Exhibits B & C*. Brown's inspection of Plaintiffs' Property and his use of his expertise in adjusting the claim indicate Brown was more than a mere janitor or clerical worker.

19. Additionally, *McNeel* holds that an independent adjuster may be individually liable under the Texas Insurance Code and, therefore, may be added as a non-diverse defendant. *McNeel,* 2004 WL1635757 at *2-3. The Southern District appears to be requesting from Defendants seeking removal to show _evidence_ that Plaintiff has no reasonable possibility to establish a cause of action. The *Ample Business Court* examined many of its own Southern District Court opinions exploring this very issue. In those cases where remand was granted the

Court determined "the defendant failed to present evidence showing that the Plaintiffs had no reasonable possibility of recovering against the instate defendant. . ." *Ample Business Investments*, 2010 WL 1737114 at *4. On the other hand, in those cases where remand was denied the Court found "the defendant presented evidence that strongly indicated that recovery against the instate adjuster would be unlikely." *Id.* at *5. Defendant has undeniably failed to present any evidence that Plaintiffs' has no possibility of recovery against the instate adjuster. In fact, Defendant's Notice of Removal does not even pretend to address Plaintiffs' causes of action against Defendant Brown for negligent misrepresentation, violations of the Texas Insurance Code, or violations of the Deceptive Trade Practices Act

20. Plaintiffs would ask this Court to disregard the title Lloyd's placed on Brown and examine the role he actually played. In *Centro Cristiano Cosecha Final, Inc. v. Ohio Casualty Insurance Company*,[1] this Court explained that the "Court should look beyond the label placed by [the defendant insurer] on the adjuster and examine the role that [the defendant agent] actually played." Here, Brown walked around Plaintiffs' Property and made misrepresentations to Plaintiffs regarding coverage under the Policy. *See Exhibits A, B, & C.* Because Brown engaged in the same conduct as an insurance adjuster, Brown acted as an adjuster engaged in the business of insurance when he visited Plaintiffs' Property and made misrepresentations to Plaintiffs.

21. Defendant's argument concerning whether Plaintiffs can establish a cause of action against Defendant Brown is based solely on *Dagley v. Haag Engineer Co.,* 18 S.W.3d 787, 791 (Tex. App.—Houston [14th Dist.]), *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994), and *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 235-36 (Tex.App.—San Antonio

---

[1] No. H-10-1846, 2011 WL 240335, at *4 (S.D. Tex. Jan. 20, 2011).

9

1998, no writ). *Notice of Removal*, p. 4. However, Defendant's reliance on these three cases is misplaced because these cases stand for distinct propositions; none of which are helpful to Defendant's arguments.

22. The Court in *Dagley* refused to impose liability on the defendant-engineer, because he did not communicate with the plaintiff nor did he make any representations regarding the coverage of the polices or adjust any claims. *See Dagley*, 18 S.W.3d at 792-93. Rather, the defendant-engineer only communicated with the defendant-insurance company. *Id.* Here, Defendant Brown personally emailed misrepresentations directly to Plaintiffs. *See Exhibit C*. Additionally, Defendant Brown adjusted the claim, as evidenced by his Adjuster Report and emails. *Exhibits B* and *C*. Similarly, the engineer in *Muniz* did not make any communications to the plaintiff in that case. Therefore, *Dagley* and *Muniz* are inapposite to the case at bar, and Lloyd's has not pointed to any case law that shields an adjuster from liability when the adjuster has made misrepresentations to the insured.

23. In *Natividad,* the Court refused to impose a duty of good faith and fair dealing between agents of insurance carriers and the insured. *Natividad*, 875 S.W.2d at 698. However, Plaintiffs have alleged Defendant Brown is liable under multiple theories and causes of action. For example, Plaintiffs allege Defendant Brown was engaged in the business of insurance and breached his duties owed under the Texas Insurance Code. *Exhibit A*, § VI, ¶ D. As explained above, the Texas Supreme Court has made it clear: a person engages in the business of insurance when that person services a policy. *Garrison*, 966 S.W.2d at 486. Here, Brown inspected the Property on behalf of Lloyd's, Brown estimated damages to the Property, and Brown made determinations of coverage. *Exhibits A, B,* and *C.* These are acts that go beyond "clerical or janitorial" and are acts of an individual engaged in the business of insurance. As a result, Brown

is liable for his misrepresentations of coverage and Defendant Lloyd's has pointed to no case law that shields Brown from his negligent misrepresentations of coverage under common law, the Texas Insurance Code, or the Deceptive Trade Practices Act.

### III. CONCLUSION

24.     This Court must decide whether there is absolutely no possibility that Plaintiffs will be able to establish a cause of action against Defendant Brown in Texas state court. *See Smallwood*, 385 F.3d at 583*; Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002). Federal jurisdiction under 28 U.S.C. §§1332 requires the removing party to state facts showing a complete diversity of citizenship. Defendant Lloyd's cursory argument that Danny Brown has been improperly joined does not satisfy those requirements. Rather, Defendant Lloyd's arguments merely beg the question. Furthermore, Defendant Lloyd's is unable to meet the heavy burden to prove that there is absolutely no possibility that Plaintiffs could establish a cause of action against Danny Brown, the non-diverse Defendant. Therefore, removal was improper.

### VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court grant Plaintiffs' Motion to Remand. Plaintiffs also request any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

SPEIGHTS & WORRICH
14235 Blanco Road
San Antonio, Texas 78216
(210) 495-6789
(210) 495-6790 facsimile
Jason@speightsfirm.com
Todd@speightsfirm.com

By: _____/s/ *BRENNAN M. KUCERA*_____
       BRENNAN M. KUCERA
       Texas State Bar No. 24076491
       Federal Bar No. 1752917
       brennan@speightsfirm.com

HUMBERTO G. GARCIA, PLLC
14235 Blanco Road
San Antonio, Texas 78216
(210) 495-6789
(210) 495-6790 facsimile

By: _____/s/ *HUMBERTO G. GARCIA*_____
       HUMBERTO G. GARCIA
       Attorney in Charge
       Texas Bar No. 07636620
       Federal Bar No. 22976
       hgarlaw@outlook.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF CONFERENCE

This is to certify that on January 6, 2014, Plaintiffs' counsel conferred with counsel for Defendant Lloyd's of London Syndicate Number 1919 and Defendant Lloyd's was opposed to the relief sought in the foregoing motion. On January 7, 2014, Plaintiffs' counsel conferred with counsel for Defendant Danny Brown. Defendant Brown was likewise opposed to the relief sought in the foregoing motion.

    /s/ HUMBERTO G. GARCIA
    HUMBERTO G. GARCIA

CERTIFICATE OF SERVICE

This is to certify that, on January 7, 2014, a true and correct copy of the foregoing instrument was served on the following counsel of record, via the ECF System, in accordance with the Federal Rules of Civil Procedure and pursuant to Local Rules. Any other counsel of record not registered as users of the ECF system will be served pursuant to FRCP 5(b) on this same date.

    Greg K. Winslett
    W. Edward Carlton
    QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
    2001 Bryan St., Suite 1800
    Dallas, Texas 75201

    **Attorneys for Danny Brown**

    Nicholas S. Bressi
    HOHMANN, TAUBE & SUMMERS, L.L.P.
    100 Congress Avenue, 18th Floor
    Austin, Texas 78701

    **Attorneys for Lloyd's of London Syndicate Number 1919**

    /s/ HUMBERTO G. GARCIA
    HUMBERTO G. GARCIA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BRD MANAGEMENT, INC.** and **TRILIJI GROUP, L.L.C. d/b/a MAJESTIC I & II fbo BRD MANAGEMENT, INC.,** Plaintiffs | § § § § § § | |
| v. | § § | Civil Action No. 6:13-CV-13-381 |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY #09SSP4280192001** and **DANNY BROWN,** Defendants. | § § § § § § | |

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

On this _____ day of _____, 2014, came to be heard Plaintiffs' Motion to Remand and Memorandum in Support.

The Honorable Court, in consideration of this Motion and Memorandum in Support, hereby **GRANTS** the Motion.

SIGNED this _____ day of _____, 2014.

_____
U.S. JUDGE PRESIDING

14