IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRD MANAGEMENT, INC. and<br>TRILIJI GROUP, LLC d/b/a MAJESTIC<br>I & II fbo BRD MANAGEMENT, INC.,<br>　　Plaintiffs<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S<br>LONDON SUBSCRIBING TO POLICY<br>#09SSP4280192001 and DANNY BROWN,<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. WA:13-CV-00381-WSS |

**LLOYD'S OF LONDON SYNDICATE NUMBER 1919'S
REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STAY PROCEEDINGS
AND COMPEL APPRAISAL**

TO THE HON. WALTER S. SMITH, UNITED STATES DISTRICT JUDGE:

Defendant Lloyd's of London Syndicate Number 1919 ("Lloyd's") files this Reply to Plaintiffs' Response to Lloyd's' Motion to Stay Proceedings and Compel Appraisal, and in support thereof would show the Court as follows:

### I. The Court Must Compel Appraisal

1.　This is an insurance coverage dispute between Plaintiffs and its property insurer regarding damages that Plaintiffs claim were incurred at the insured property, a Waco area apartment complex (the "Property"). The appraisal process is required by the insurance policy issued by Lloyd's as set forth in the policy's appraisal provision, attached as Exhibit A to Lloyd's original motion. If appraisal is properly invoked and one party to the contract refuses to participate in the appraisal process, the court lacks discretion **not** to issue an order compelling

that party to participate in appraisal. *See Woodward v. v. Liberty Mut. Ins. Co.*, 2010 WL 1186323 at *3 (N.D. Tex. March 26, 2010), citing *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449, 451 (Tex. App.—Amarillo 1999, orig. proceeding). When appraisal is invoked it becomes the sole method for determining the amount of the loss. *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195-196 (Tex. 2002). As stated by the Texas Supreme Court: "While trial courts have some discretion as to the timing of appraisal, they have *no discretion to ignore a valid appraisal clause entirely.*" *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009) (emphasis added).

2.  The Texas Supreme Court has also held: "an appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888-89 (Tex. 2009); quoting *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). *See also Lundstrom v. United Servs. Auto. Ass'n*, 192 S.W.3d 78, 87 (Tex. App. – Houston [14th Dist.] 2006, pet denied. An appraiser must "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890. "Unless the 'amount of loss' will never be needed…. Appraisers should generally go forward without preemptive intervention by the courts." *Id.* at 895. Accordingly, the Court should order the parties to complete the appraisal so that the amount of the loss at issue herein may be determined.

3.  Parties to an insurance contract may be compelled to an appraisal of the claim when they fail to agree on the amount of the loss. *Sanchez v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 413687 at *4 (S.D. Tex. Jan. 27, 2010); *see also Standard Fire Ins. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ). The Texas Supreme Court has consistently and recently reaffirmed the long-standing public policy in favor of enforcing

appraisal clauses in insurance contracts. *State Farm Lloyds v. Johnson* at 888-89, 895; *see also Sanchez*, 2010 WL 413687 at *4 and *In re Universal Underwriters of Tex.Ins.Co.*, 345 S.W.3d 404, 407 (Tex. 2011). The Court should enforce the appraisal clause in this case as well.

## II. Lloyd's has Not Breached the Policy and Plaintiffs have not been Discharged of Their Obligations under the Policy

4.      Plaintiffs contend that Lloyd's has breached the insurance policy by allegedly failing to pay the entire amount of damages being claimed, thereby discharging Plaintiffs' obligations under the contract, citing *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691 (Tex. 1994). Plaintiffs' reliance on *Hernandez* is misplaced. *Hernandez* is not a case involving appraisal clauses, but rather relates to a claim by an insured under an automobile policy to recover underinsured benefits. The insured in Hernandez failed to comply with the policy's settlement without consent clause, settled the underlying claim against the other motorist without consent, and then sought to recover UIM benefits. The Texas Supreme Court's ruling in that case was strictly limited to UIM cases and the facts presented therein. The court held that where the insurer was not prejudiced by the settlement, the breach by the insured was not material and the insured may not be denied UIM coverage based on such breach.

5.      Under Texas law there cannot be a breach of the policy until the appraisal process is completed, because until such time as the appraisal process has been completed, the amount of the loss has not been determined. *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App. – Corpus Christi 2004, pet. denied). Accordingly, Lloyd's could not have breached the policy when the appraisal process has not yet been completed because there can be no breach prior to completion of the appraisal process and issuance of an award.

### III. Causation is Not the Main Issue Here Although it Can Be Considered in Appraisal

6.     The main issue in this case is NOT what caused the losses and damages at issue. Plaintiffs allege wind or hail damaged the roofs of their apartment buildings. Lloyd's asserts that it has fully paid Plaintiffs for all wind or hail damages that occurred during the policy period. The main issue in this case is the quantum of the claimed loss, not the cause of the loss. While some issues relating to the cause of certain damages that are present on the roofs of the apartment buildings at issue in this case may arise during the appraisal process, the process itself cannot be avoided solely because causation may need to be addressed. As the court held in *Glenbrook Patiohome Owners Assoc. v. Lexington Ins. Co.*, 2011 WL 666517 (S.D. Tex. Feb. 14, 2011) …" an insured cannot avoid appraisal because there might be a coverage or causation question that exceeds the scope of appraisal." *Id.* at *6, citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009).

7.     The Texas Supreme Court in *Johnson* stated that "causation relates to both liability and damages because it is the connection between them." 290 S.W.3d 886, 891-92. *Johnson* also discussed causation in three separate contexts, the third of which is applicable to this case, *i.e.*, cases involving the separation of loss due to a covered event from a pre-existing or subsequently existing condition. *Johnson* held that appraisers in this instance, such as where wear and tear may be an issue, must be permitted to allocate damages between covered and excluded perils otherwise appraisers could never assess hail damages unless a roof is brand new. *Id.*, 290 S.W.3d at 892-93. It was thus concluded in *Johnson* that …"appraisers must always consider causation, at least as an initial matter." *Id.* at 893. Therefore, the fact that the appraisers or umpire may have to consider some elements of causation in connection with the appraisal process does not negate Plaintiffs' duty to participate in the appraisal process.

## IV. Lloyd's has Not Waived the Right to Insist on an Appraisal

8.     Plaintiffs' next argument for avoiding appraisal is that Lloyd's has somehow waived the right to invoke appraisal. This assertion is incorrect and is not supported by the facts of this claim. "While an unreasonable delay is a factor in finding waiver, reasonableness must be measured from the point of impasse." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). As stated in *Sanchez v. Prop. & Cas. Ins. Co. of Hartford*, No. H-09-1736, 2010 WL 413687 *13-14 (S.D. Tex. Jan. 27, 2010), "the proper point of reference for determining whether an insurer waived the right to invoke appraisal by delay is the point at which the insurer knew that appraisal clause could be invoked because of a disagreement over the amount of damages, that is, the point of impasse with the insured."

9.     After receiving service of Plaintiffs' lawsuit on June 27, 2012, the parties agreed to abate the case so that Lloyd's could retain an independent engineer and adjuster to inspect the loss and determine if additional damages to the roofs occurred, during the time period claimed by Plaintiffs, over and above the damages that Lloyd's had previously paid to Plaintiffs (See Exhibit B, Declaration of Nicholas Bressi, ¶3). The parties thereafter entered into a Standstill and Tolling Agreement which was effective as of July 13, 2012. *Id.* Thereafter the property and roofs were inspected, reports were obtained from Lloyd's' consulting experts, a mediation was conducted, and further settlement discussions were held. *Id.* The Standstill and Tolling Agreement was amended twice thereafter on January 9, 2013, and April 15, 2013, in order for the parties to continue their settlement negotiations (Ex. B, Bressi Decl., ¶¶ 3 and 4 and Exhibits 1, 2, and 3 attached thereto).

10.    Settlement discussions and negotiations were continuing between counsel for Lloyd's and Plaintiffs up to November 7, 2013, when Plaintiffs sent discovery demands to Lloyd's, thereby

notifying the parties that Plaintiffs were terminating the Second Amended Standstill and Tolling Agreement. Lloyd's notified Plaintiffs' counsel via a May 30, 2013 e-mail that Lloyd's was invoking appraisal if the settlement offer communicated that date was not accepted within ten days. See Exhibit B to Plaintiffs' Response to Motion to Stay Proceedings and Compel Appraisal (May 30, 2013 e-mail from Lloyd's counsel to Plaintiffs' counsel regarding invocation of appraisal). After receiving no response from Plaintiffs regarding the appraisal issue, and after receiving Plaintiffs' discovery demands, counsel for Lloyd's e-mailed Plaintiffs' counsel again on December 4, 2013 regarding the appraisal, and identified Lloyd's appraiser while also requesting that Plaintiffs identify their appraiser (Ex. B, Bressi Decl. ¶¶ 5-7 and Exhibits 4 and 5).

11.   The impasse here became evident on November 7, 2013, when Plaintiffs terminated the Second Amended Standstill and Tolling Agreement by sending discovery demands to Lloyd's (Ex. B, Bressi Decl., ¶6). Prior to November 7, however, Lloyd's had already informed Plaintiffs on May 30, 2013, that it was invoking appraisal if Lloyd's settlement offer was not accepted (Ex. B, Bressi Decl., ¶5). Additionally, settlement discussions between counsel for Plaintiffs and Lloyd's were still ongoing as of December 13, 2013, when Plaintiffs' counsel called counsel for Lloyd's to discuss settlement (Ex. B, Bressi Decl., ¶8). Accordingly, Lloyd's has not waived the right to invoke appraisal. "Ongoing negotiations.... do not trigger a party's obligation to demand appraisal. Nor does an insurer's offer of money to cover damages necessarily indicate a refusal to negotiate further." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 408 (Tex. 2011); see also: *Dike v. Valley Forge Ins. Co.*, 797 F.Supp.2d 777, 784 (S.D. Tex. June 23, 2011).

12.     Because Lloyd's believed an impasse would occur if Plaintiffs rejected the May 30, 2013 settlement offer, Lloyd's informed Plaintiffs at the time the offer was communicated that if such offer was not accepted, appraisal would commence. Plaintiffs then waited six (6) months to inform Lloyd's that it was terminating the standstill agreement and continuing to pursue this litigation. Lloyd's thereafter removed this case to this Court from McLennan County District Court and filed within a few days thereafter its Motion to Stay and Compel Appraisal. Lloyd's therefore timely invoked appraisal and timely requested that the Court stay these proceedings and compel appraisal. Appraisal may be invoked after suit is filed provided that the failure to do so has not amounted to waiver. *Dwyer v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009).

13.     Plaintiffs' assertion that they are somehow prejudiced by Lloyd's invocation of appraisal is a red herring and lacks merit. The parties agreed in the standstill and tolling agreements that during the tolling period no party would claim such time period as a delay or avoidance by either party. The standstill agreements provide: "… the Parties agree that it would be in their mutual best interests to suspend litigation of the claims … rather than causing the Parties to incur attorney's fees, expenses and costs …." See Ex. B, Bressi Decl., page 1, last paragraph of Exhibits 1, 2, and 3 attached to the Bressi Decl. Furthermore, the standstill and tolling agreements provided: "… the Parties agree that the period of time from the date this lawsuit was filed, June 12, 2012, to the date this Agreement expires or is terminated … shall not be asserted or relied upon in any way by the Parties in computing the running of any statute of limitation or state of repose, nor to support any claim or defense …." See Ex. B, Bressi Decl., page 2, Paragraph A "Tolling" in Exhibits 1, 2, and 3 attached to the Bressi Decl. Accordingly, under

the standstill and tolling agreements, Plaintiffs are precluded from asserting the waiver argument they now make.

14.     Waiver is an affirmative defense and the party alleging waiver has the burden of proof. *Dike v. Valley Forge Ins. Co.*, 797 F.Supp.2d 777, 784 (S.D. Tex. June 23, 2011), citing *JM Walker, LLC v. Acadia Ins. Co.*, 356 Fed.Appx. 744, 748 (5th Cir. 2009) (per curiam) (summary calendar). Thus, under the terms of the standstill and tolling agreements, Plaintiffs are not permitted to argue that the time period from June 12, 2012 through December 7, 2013 (the date the agreements were terminated, which was 30 days after the Plaintiffs' November 7, 2013 service of discovery demands) counts towards any period of time during which Lloyd's allegedly delayed or waived the right to invoke appraisal. Accordingly, the May 30, 2013 invocation of appraisal by Lloyd's, which Lloyd's followed up on in the December 4, 2013 e-mail from Lloyd's counsel, were certainly timely as they were communicated during the tolling period.

15.     Additionally, Plaintiffs' sole claim of prejudice is the fact that they allegedly incurred attorney's fees and engineering investigative expenses during the tolling period. These fees and expenses would have been incurred by Plaintiffs in the pursuit of their claims at some point in time anyway, and the engineering report will most likely be used by Plaintiffs during the appraisal process. The fact that Plaintiffs chose to voluntarily incur these fees and expenses during the time period that the litigation was stayed by agreement does not constitute prejudice to Plaintiffs resulting from any act or omission by Lloyd's, and should not form the basis for the Court's refusal to enforce a valid appraisal provision contained in the policy at issue.

### V. The Lawsuit should be Stayed Pending Appraisal

16.     Plaintiffs claim that the lawsuit should not be abated or stayed pending completion of the appraisal because Plaintiffs have alleged extra-contractual claims on which they want to conduct

discovery while the appraisal is pending. Like this case, *Woodward v. Liberty Mut. Ins. Co.*, 2010 WL 1186323 (N.D. Tex. March 26, 2010), involved an insured who refused to participate in an appraisal and, instead filed suit against its homeowner's insurer. The insurer removed the lawsuit to federal court, and then moved the court to compel resumption of the appraisal. In ordering the resumption of the appraisal process, the court stated:

> …when one party to an insurance contract properly invokes the contract's appraisal clause but the other party files suit before the appraisal process is complete, a court should exercise its discretion to stay the suit pending completion of the appraisal.

*Id.*

17. It is alleged in Plaintiffs' Response that their extra-contractual claims will survive appraisal and therefore they should be permitted to conduct discovery while the appraisal process is being completed. This argument is contrary to case law holding otherwise. Texas law is clear that the timely payment of an appraisal award estops a contractual claim by the insured. *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyd's London,* 459 Fed.Appx. 366 (5th Cir. 2012) (unpublished). *See also Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 787 (Tex.App. – Houston [14th Dist.] 2004, no pet.), which held that the full and timely payment of an appraisal award precludes penalties under the Texas Insurance Code's prompt payment provisions as a matter of law. A dispute over the amount owed under a policy that is being appraised establishes a reasonable basis for the delay in payment, and once the insurer pays any appraisal award, the insured cannot establish that the insurer acted unfairly in its claims settlement procedures or that the insurer violated the Texas Insurance Code. *See Waterhill Cos. Ltd. v. Great Am. Assurance Co.,* No. Civ. A. H-05-4080) 2006 WL 696577 (S.D. Tex. Mar. 16, 2006).

18. Accordingly, this case should be abated pending completion of appraisal as there will be nothing left to litigate in this case concerning the amount of the claimed loss if the appraisal process is permitted to run its course. If an award is issued in favor of the insured and Lloyd's timely pays the award, there will remain no issues for the Court and this case should thereafter be summarily dismissed.

Respectfully submitted,

/s/ Nicholas T. Bressi
Guy Hohmann
State Bar No. 09813100
Nicholas S. Bressi
State Bar No. 02959485
Hohmann, Taube & Summers, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel: (512) 472-5997
Fax: (512) 472-5248

ATTORNEYS FOR DEFENDANT
LLOYD'S OF LONDON SYNDICATE NUMBER 1919

## CERTIFICATE OF SERVICE

    I hereby certify that pursuant to Fed. R. Civ. P. 5, the above and foregoing document has been served upon the counsel of record as listed below by fax on January 10, 2014:

Humberto G. Garcia
Humberto G. Garcia PLLC
14235 Blanco Road
San Antonio, Texas 78216

Jason B. Speights
Speights & Worrich
14235 Blanco Road
San Antonio, Texas 78216

Greg K. Winslett
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

                                                Nicholas S. Bressi

508983.1