IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRD MANAGEMENT, INC. and<br>TRILIJI GROUP, LLC d/b/a MAJESTIC<br>I & II fbo BRD MANAGEMENT, INC.,<br>       Plaintiffs<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S<br>LONDON SUBSCRIBING TO POLICY<br>#09SSP4280192001 and DANNY BROWN,<br>       Defendants | § § § § § § § § § § § § | Civil Action No. 6:13-cv-00381-WSS |

**DEFENDANT LLOYD'S OF LONDON SYNDICATE NUMBER 1919'S
RESPONSE TO PLAINTIFFS' MOTION TO REMAND
AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lloyd's of London Syndicate Number 1919, incorrectly sued as "Certain Underwriters at Lloyds London Subscribing to Policy #09SSP4280192001" ("Lloyd's") and files this Response to Plaintiffs' Motion to Remand and in support thereof would show the Court as follows:

**I. Factual Background**

1.   This is an insurance coverage dispute between Plaintiffs and its property insurance carrier regarding damages that Plaintiffs claim were incurred at the insured property, a Waco area apartment complex (the "Property"). Plaintiffs acknowledged in their Original Petition ("Petition") that they made a claim under the Lloyd's policy for roof damage and resulting water damage allegedly sustained as a result of a wind and hailstorm occurring in 2010. (Petition ¶E, page 3 of 20). Plaintiffs further acknowledged that Lloyd's paid that portion of the claim which

1

was determined to be covered under the policy. (Petition ¶ I, page 4 of 20). Plaintiffs seek to hold Danny Brown ("Brown") liable for the denial of their claim even though Mr. Brown was an independent adjuster and played no role in any coverage analysis or claim decision. See Exhibit 1, January 13, 2014 Declaration of Danny Brown ("Brown Decl."), ¶¶ 3, 5, and 10. Lloyd's thus contends that Brown was added as a Defendant solely for the purpose of attempting to defeat diversity jurisdiction.

## II. Legal Standard for Removal Based on Improper Joinder

2.  Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281 (5th Cir. 2007), citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Plaintiffs' assertion set forth in their motion to remand that this Court need only conduct a Rule 12(b)(6) type analysis for this case is not correct. *Smallwood* set out the procedure for determining whether a non-diverse defendant was improperly joined (the Rule 12(b)(6) analysis) but also stated that where a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573, citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n. 10 (5th Cir. 2000). Lloyd's would show that Plaintiffs' complaint does not satisfy a Rule 12(b)(6) challenge *and* that Plaintiffs have misstated facts relating to Brown's involvement in connection with the claim such that he could never be considered liable to Plaintiffs as alleged.

3.  If a district court pierces the pleadings, and the defendant has produced evidence supporting improper joinder, the plaintiff must produce at least some controverting evidence.

2

*Badon*, 224 F.3d at 393. If a defendant has been improperly joined – as Brown has been improperly joined here - his presence must be disregarded by the Court in determining the existence of diversity jurisdiction and assessing the propriety of removal. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). To establish improper joinder, the removing defendant must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003), citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).

4.   Lloyd's asserts that Plaintiffs cannot establish a cause of action against Brown and therefore he was improperly joined and remand should be denied. Removal on the basis of improper joinder is allowed if there is no reasonable basis on which the district court can predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc). In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust*, 313 F.3d at 312.

### III. Plaintiffs Have Failed to State a Cause of Action against Mr. Brown

**A.   Plaintiffs' DTPA Claim Fails.**

5.   Texas law has consistently declared that an independent adjuster such as Brown has no liability to an insured because he has no relationship with, and owes no duty to, the insured. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). An independent adjuster like Brown cannot be liable to an insured for alleged improper investigation, regardless of whether the

3

insured labels the allegations as negligence, bad faith, breach of contract or extra-contractual claims. *See Crocker v. American Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 937-38 (Tex. App. – Dallas 2007, no pet.). In *Crocker*, the homeowner insured sued its insurance company and the independent adjuster hired by the insurer to investigate a water damage and mold claim. The *Crocker* court dismissed the insured's negligence, bad faith, and DTPA claims against the independent adjuster holding that the adjuster did not have any legal liability to the insured for actions the independent adjuster took on behalf of the insurer. *Id.* at 937-938. As a matter of law, Plaintiffs' DTPA claim against Brown fails for the same reasons set forth in *Crocker*.

**B.     Brown is Not Liable under the Texas Insurance Code.**

6.     In their Original Petition Plaintiffs seek to assert claims against Brown under the Texas Insurance Code and for alleged misrepresentations. As unequivocally set forth in the Brown Decl.,, contrary to Plaintiffs' unsubstantiated assertions, Brown did not "process, evaluate, approve or deny" the Plaintiffs' insurance claim (Exh. 1, ¶¶ 4-10). Brown did not even have a copy of the insurance policy when investigating this claim, and therefore could not have known exactly what coverage was afforded Plaintiffs under the Lloyd's insurance policy (Exh. 1, ¶ 6). Furthermore, Brown did not evaluate the claim for coverage, and he made no coverage decisions (Exh. 1, ¶¶ 5 and 10). Accordingly, there is no "reasonable possibility of recovery" by Plaintiffs against Brown that would make him a proper party. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

7.     All three cases cited by Plaintiffs, which allegedly support their claims against Brown, are distinguishable from the present case. All three cases involve specific allegations that the individual allegedly made direct representations to the insured, prior to the loss, or that the individual contributed to the decision to the deny the claim – neither of which are applicable

4

here. In *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) the insurance company's employee who solicited the insured and made representations of coverage at the time the policy was sold was held to be potentially liable to the insured. Any alleged misrepresentations by Brown supposedly occurred after the loss at issue and Brown is not an employee of Lloyd's as was the case in *Garrison*. *Jones v. Ace American Ins. Co.*, 2006 WL 3826998 (E.D. Tex. Dec. 22, 2006) is an unreported case where the adjuster, also an employee of the insurer, allegedly directed or contributed to the decision to deny the claim. Here, Brown did not make any claim decisions, and in fact the claim at issue in this case was never "denied". The last case cited by Plaintiffs, *McNeel v. Kemper Cas. Ins. Co.*, 2004 WL 1635757 (N.D. Tex. July 21, 2004) is another unreported case wherein it was alleged the adjuster made the decision to deny the insured's claim. Here, however, it is undisputed that Brown had no role whatsoever in the coverage decision concerning this claim (Exh. 1, ¶¶ 5, 6, and 10). Accordingly, none of the cases cited by Plaintiffs squarely address the allegations against Brown that are at issue in this case and should not therefore guide this Court in its ruling.

C.  **Plaintiffs' Allegations of Post-Loss Misrepresentations are Not Actionable.**

8.  Plaintiffs also plead vague allegations against Brown relating to alleged misrepresentations or negligent misrepresentations all of which allegedly occurred *after* the claimed loss. Both the Texas Insurance Code and the DTPA require proof that the defendant's conduct was the cause in fact of the plaintiff's actual damages. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999), citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 192 (Tex. 1998); see also: *2 Fat Guys Inv., Inc. v. Klaver*, 928 S.W.2d 268, 272 (Tex. App. – San Antonio 1996, no writ). Under Texas law, post-loss representations are not actionable when they are not the producing cause of any damage to the insured. *See Royal Globe Ins. Co. v. Bar*

5

*Consultants, Inc.,* 577 S.W.2d 688, 695 (Tex. 1979). Accordingly, all of Plaintiffs' claims relating to alleged post-loss misrepresentations made by Brown relating to coverage or the amount of the loss, which undeniably occurred after the alleged loss, are simply not actionable.

**D.     Allegations of Negligence and Gross Negligence Fail to State a Claim.**

9.     Plaintiffs allege that Lloyd's and Brown were negligent and grossly negligent in connection with the adjustment of the claim and in allegedly giving advice to Plaintiffs as to how they could repair the property. Texas does not recognize a cause of action for negligent claims handling. See *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Therefore, Plaintiffs' negligence claims cannot form the basis for any alleged liability against Brown.

**E.     The Vague Conspiracy and Aiding and Abetting Claims Also Fail as a Matter of Law.**

10.    Plaintiffs allege that Lloyd's and Brown somehow conspired to commit: violations of the DTPA, the Texas Insurance Code, fraud, breach of contract, and breach of the duty of good faith and fair dealing – without reference to any specific facts, acts, statements or evidence to support such baseless allegations. In *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999), the Fifth Circuit denied a plaintiff's motion to remand because the plaintiff failed to state any specific actionable conduct against the defendant insurance agent which did not meet even the most liberalized requirements of notice pleading. 181 F.3d at 699. "Mentioning defendants then failing to state specific actionable conduct against them does not suffice to state a claim against them." *Bailey v. State Farm Lloyds,* 2001 WL 34106907 (S.D. Tex. Apr. 12, 2001) cited in *DeCluette v. State Farm Lloyds,* 2013 WL 607320 (N.D. Tex. Feb. 19, 2013) in support of denial of a motion to remand based on improper joinder of an insurance adjuster as a defendant.

6

Lloyd's contends that the vague and unsupported allegations of conspiracy as well as aiding and abetting asserted herein by Plaintiffs likewise do not support remand of this case.

## IV.   Conclusion

11.   Plaintiffs have failed to sufficiently plead facts that would support a cause of action against Brown who acted in a limited capacity as an independent claims adjuster with respect to the Plaintiffs' claim, and only inspected the property and prepared an estimate for repairs. All conduct allegedly committed herein by Brown occurred after the loss in question and cannot be considered to have been the producing cause of any of Plaintiffs' damages. Plaintiffs' vague allegations against Brown are insufficient to support an order remanding this case to state district court. Accordingly, this Court should deny Plaintiffs' Motion to Remand.

Respectfully submitted,

*/s/ Nicholas Bressi*

Guy M. Hohmann
State Bar No. 09813100
guyh@hts-law.com
Nicholas S. Bressi
State Bar No. 02959485
nickb@hts-law.com
Hohmann, Taube & Summers, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel.: (512) 472-5997
Fax: (512) 472-5248

ATTORNEYS FOR DEFENDANT
LLOYD'S OF LONDON
SYNDICATE NUMBER 1919

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing has been delivered via fax to all counsel of record as listed below on January 14, 2014:

Humberto G. Garcia
Humberto G. Garcia PLLC
14235 Blanco Road
San Antonio, Texas 78216

Jason B. Speights
Speights & Worrich
14235 Blanco Road
San Antonio, Texas 78216

Greg K. Winslett
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

_____
Nicholas S. Bressi